## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KIKE COOPER,**

     **Plaintiff,**

**v.**                                                                          **Case No:**

**STERLING JEWELERS INC. d/b/a**
**KAY JEWELERS, and GENESIS**
**FINANCIAL SOLUTIONS d/b/a**                        **DEMAND FOR JURY TRIAL**
**GENESIS FS CARD SERVICES, INC.,**

     **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **KIKE COOPER** ("Ms. Cooper" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **STERLING JEWELERS INC. d/b/a KAY JEWELERS** ("Debt Owner"), and **GENESIS FINANCIAL SOLUTIONS d/b/a GENESIS FS CARD SERVICES, INC.** ("Debt Collector"), and in support thereof states as follows:

### *Introduction*

1.       This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by continuing to place calls to Ms.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **1** of 20

Cooper's Cellular Telephone using an automatic telephone dialing system or artificial voice or prerecorded message after Ms. Cooper revoked consent for Debt Collector to place such calls, which can reasonably be expected to harass Ms. Cooper.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.      Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.      Plaintiff, Ms. Cooper, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      Ms. Cooper is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-6943 ("Ms. Cooper's Cellular Telephone").

7.      At all times material hereto, Debt Owner was and is a corporation with its principal place of business in the State of OH and its registered agent, C T CORPORATION SYSTEM, located at 1201 S. Pine Island Road, Plantation, FL 33324.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **2** of 20

8.     At all times material hereto, Debt Collector was and is a corporation with its principal place of business in the State of OR and its registered agent, C T CORPORATION SYSTEM, located at 780 Commercial St. SE, Suite 100, Salem, OR 97301.

9.     At all times material hereto, Debt Collector is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

10.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Cooper's alleged debt.

11.     At all times material hereto, Debt Collector was acting within the scope of employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Cooper's alleged debt for Debt Owner.

12.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Cooper's information.

14.     Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Cooper's information into Debt Owner's sales or customer systems.

15.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed form letters or telephone scripts for Debt Collector to use when contacting Ms. Cooper.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **3** of 20

17.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Cooper debt on behalf of Debt Owner.

18.     At all times material hereto, Debt Collector and Debt Owner have entered into a contract that establishes an agency relationship between the Defendants.

### *Statements of Fact*

19.     In or around late 2014, Ms. Cooper opened a credit card account with Debt Owner to purchase items in Debt Owner's jewelry stores ("Account").

20.     In or around June of 2017, Ms. Cooper lost her job and encountered financial difficulties.

21.     As a result of losing her job, Ms. Cooper was unable to make payments to Debt Owner and incurred an outstanding balance owed on the Account ("Debt").

22.     Sometime thereafter, Debt Owner sold, assigned, or transferred the Debt to Debt Collector for debt collection purposes.

23.     In or around October of 2017, Debt Collector began placing calls to Ms. Cooper's Cellular Telephone in attempts to collect the Debt.

24.     In addition to calling Ms. Cooper's Cellular Telephone, Debt Collector also called Ms. Cooper's home telephone in attempts to collect the Debt.

25.     In or around December of 2018, Ms. Cooper spoke to a representative of Debt Collector and demanded that Debt Collector stop calling her Cellular Telephone.

26.     On or around January 29, 2018, Ms. Cooper again spoke to a representative of Debt Collector and repeated her demand for Debt Collector's calls to stop.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **4** of 20

27.     Despite Ms. Cooper's repeated demands, Debt Collector also continued to place calls to Ms. Cooper's Cellular Telephone in attempts to collect the Debt.

28.     Despite Ms. Cooper's repeated demands, Debt Collector continued to place calls to Ms. Cooper's home telephone in attempts to collect the Debt.

29.     Debt Collector called Ms. Cooper's Cellular Telephone at least fifty (50) times during the time period between December of 2017 and the present.

30.     Debt Collector called Ms. Cooper's Cellular Telephone from numerous different telephone numbers, including, but not limited to: 601-340-5681, 864-397-8676, 205-670-8580, 256-676-6243, 706-256-8994, 256-676-6251, 904-474-5248, 321-339-2550, 941-264-1269, 352-204-8101, 386-516-2134, 727-666-7925, 727-431-9250, 864-406-6610, 615-307-8301, 704-315-6323, and 865-413-3248.

31.     All of Debt Collector's calls to Ms. Cooper's Cellular Telephone were placed in an attempt to collect the Debt.

32.     All of Debt Collector's calls to Ms. Cooper's home telephone were placed in an attempt to collect the Debt.

### _Count 1: Violation of the Telephone Consumer Protection Act_
### _(as against Debt Collector)_

33.     Ms. Cooper re-alleges paragraphs 1-32 and incorporates the same herein by reference.

34.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc._
Page 5 of 20

> voice – (iii) to any telephone number assigned to a
> paging service, cellular telephone service, . . . or
> any service for which the called party is charged for
> the call.

35.     Ms. Cooper revoked consent to have Debt Collector call her Cellular
Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial
voice or prerecorded message in or around December of 2017 when she expressly told
Debt Collector to stop calling her.

36.     Despite this revocation of consent, Debt Collector thereafter called Ms.
Cooper's Cellular Telephone at least fifty (50) times.

37.     In fact, Ms. Cooper again revoked consent to have Debt Collector call her
Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in
or around January 29, 2018 when she again expressly told Debt Collector to stop calling
her.

38.     Debt Collector did not place any emergency calls to Ms. Cooper's Cellular
Telephone.

39.     Debt Collector willfully and knowingly placed non-emergency calls to
Ms. Cooper's Cellular Telephone.

40.     Ms. Cooper knew that Debt Collector called Ms. Cooper's Cellular
Telephone using an ATDS because she heard a pause when she answered at least one of
the first few calls from Defendant on her Cellular Telephone before a live representative
of Debt Collector came on the line.

_Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought_
_Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc._
Page **6** of **20**

41.     Ms. Cooper knew that Debt Collector called Ms. Cooper's Cellular Telephone using a prerecorded voice because Debt Collector left Ms. Cooper at least one voicemail using a prerecorded voice.

42.     Debt Collector used an ATDS when it placed at least one call to Ms. Cooper's Cellular Telephone.

43.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Ms. Cooper's Cellular Telephone.

44.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Ms. Cooper's Cellular Telephone.

45.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Ms. Cooper's Cellular Telephone.

46.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

47.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

48.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

49.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **7** of **20**

50.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a prerecorded voice.

51.     Debt Collector has recorded at least one conversation with Ms. Cooper.

52.     Debt Collector has recorded more than one conversation with Ms. Cooper.

53.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Cooper, for its financial gain.

54.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Cooper's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

55.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Cooper, despite individuals like Ms. Cooper revoking any consent that Debt Collector believes it may have to place such calls.

56.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Cooper's Cellular Telephone.

57.     Debt Collector's phone calls harmed Ms. Cooper by trespassing upon and interfering with Ms. Cooper's rights and interests in her Cellular Telephone line.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **8** of **20**

58.     Debt Collector's phone calls harmed Ms. Cooper by being a nuisance and causing her aggravation.

59.     Debt Collector's phone calls harmed Ms. Cooper by causing her embarrassment.

60.     Debt Collector's phone calls harmed Ms. Cooper by causing her emotional distress.

61.     Debt Collector's phone calls harmed Ms. Cooper by causing her stress and anxiety.

62.     Debt Collector's phone calls harmed Ms. Cooper by causing a risk of personal injury to Ms. Cooper due to interruption and distraction.

63.     Debt Collector's phone calls harmed Ms. Cooper by invading her privacy.

64.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.  Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.  Awarding Plaintiff costs;

d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e.  Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **9** of 20

## *Count 2: Violation of the Telephone Consumer Protection Act*
## *(as against Debt Owner)*

65.     Ms. Cooper re-alleges paragraphs 1-32 and incorporates the same herein by reference.

66.     At all times material hereto, Debt Owner was and is vicariously liable for the violations of Debt Collector.

67.     Debt Collector violated the TCPA.

68.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

69.     Ms. Cooper revoked consent to have Debt Collector call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around December of 2017 when she expressly told Debt Collector to stop calling her.

70.     Despite this revocation of consent, Debt Collector thereafter called Ms. Cooper's Cellular Telephone at least fifty (50) times.

71.     Ms. Cooper again revoked consent to have Debt Collector call her Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around January 29, 2018 when she again expressly told Debt Collector to stop calling her.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **10** of 20

72.     Debt Collector did not place any emergency calls to Ms. Cooper's Cellular Telephone.

73.     Debt Collector willfully and knowingly placed non-emergency calls to Ms. Cooper's Cellular Telephone.

74.     Ms. Cooper knew that Debt Collector called Ms. Cooper's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

75.     Ms. Cooper knew that Debt Collector called Ms. Cooper's Cellular Telephone using a prerecorded voice because Debt Collector left Ms. Cooper at least one voicemail using a prerecorded voice.

76.     Debt Collector used an ATDS when it placed at least one call to Ms. Cooper's Cellular Telephone.

77.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Ms. Cooper's Cellular Telephone.

78.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Ms. Cooper's Cellular Telephone.

79.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Ms. Cooper's Cellular Telephone.

80.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **11** of **20**

81.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

82.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

83.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

84.     At least one call that Debt Collector placed to Ms. Cooper's Cellular Telephone was made using a prerecorded voice.

85.     Debt Collector has recorded at least one conversation with Ms. Cooper.

86.     Debt Collector has recorded more than one conversation with Ms. Cooper.

87.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Cooper, for its financial gain.

88.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Cooper's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

_Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought_
_Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc._
Page **12** of 20

89.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Cooper, despite individuals like Ms. Cooper revoking any consent that Debt Collector believes it may have to place such calls.

90.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Cooper's Cellular Telephone.

91.     Debt Collector's phone calls harmed Ms. Cooper by trespassing upon and interfering with Ms. Cooper's rights and interests in her Cellular Telephone line.

92.     Debt Collector's phone calls harmed Ms. Cooper by being a nuisance and causing her aggravation.

93.     Debt Collector's phone calls harmed Ms. Cooper by causing her embarrassment.

94.     Debt Collector's phone calls harmed Ms. Cooper by causing her emotional distress.

95.     Debt Collector's phone calls harmed Ms. Cooper by causing her stress and anxiety.

96.     Debt Collector's phone calls harmed Ms. Cooper by causing her

97.     Debt Collector's phone calls harmed Ms. Cooper by causing a risk of personal injury to Ms. Cooper due to interruption and distraction.

98.     Debt Collector's phone calls harmed Ms. Cooper by invading her privacy.

99.     All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **13** of 20

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

100. Ms. Cooper re-alleges paragraphs 1-32 and incorporates the same herein by reference.

101. Ms. Cooper is a "consumer" within the meaning of the FDCPA.

102. The subject debt is a "consumer debt" within the meaning of the FDCPA.

103. Debt Collector is a "debt collector" within the meaning of the FDCPA.

104. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated 15 U.S.C. § 1692c (c) by continuing to call Ms. Cooper after Ms. Cooper notified Debt Collector that Ms. Cooper demanded that Debt Collector cease its calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **14** of 20

     b.  Debt Collector violated 15 U.S.C. § 1692d (5) by continuing to call Ms. Cooper's Cellular Telephone continuously with the intent to harass Ms. Cooper.

105.    As a result of the above violations of the FDCPA, Ms. Cooper has been subjected to illegal collection activities for which she has been damaged.

106.    Debt Collector's phone calls harmed Ms. Cooper by trespassing upon and interfering with Ms. Cooper's rights and interests in her Cellular Telephone line.

107.    Debt Collector's actions harmed Ms. Cooper by being a nuisance and causing her aggravation.

108.    Debt Collector's actions harmed Ms. Cooper by causing her embarrassment.

109.    Debt Collector's actions harmed Ms. Cooper by causing her emotional distress.

110.    Debt Collector's actions harmed Ms. Cooper by causing her stress and anxiety.

111.    Debt Collector's actions harmed Ms. Cooper by causing her

112.    Debt Collector's actions harmed Ms. Cooper by causing a risk of personal injury to Ms. Cooper due to interruption and distraction.

113.    Debt Collector's phone calls harmed Ms. Cooper by invading her privacy.

114.    It has been necessary for Ms. Cooper to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

115.    All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page 15 of 20

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees; and

    d.   Any other and further relief as this Court deems equitable.

### _Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

116.   Ms. Cooper re-alleges paragraphs 1-32 and incorporates the same herein by reference.

117.   Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72 (7) by continuing to call Ms. Cooper even after Ms. Cooper repeatedly demanded that Debt Collector cease its calls, which can reasonably be expected to harass Ms. Cooper.

118.   As a result of the above violations of the FCCPA, Ms. Cooper has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

119.   Debt Collector's phone calls harmed Ms. Cooper by trespassing upon and interfering with Ms. Cooper's rights and interests in her Cellular Telephone line.

_Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought_
_Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc._
Page **16** of **20**

120.   Debt Collector's actions harmed Ms. Cooper by being a nuisance and causing her aggravation.

121.   Debt Collector's actions harmed Ms. Cooper by causing her embarrassment.

122.   Debt Collector's actions harmed Ms. Cooper by causing her emotional distress.

123.   Debt Collector's actions harmed Ms. Cooper by causing her stress and anxiety.

124.   Debt Collector's actions harmed Ms. Cooper by causing her

125.   Debt Collector's actions harmed Ms. Cooper by causing a risk of personal injury to Ms. Cooper due to interruption and distraction.

126.   Debt Collector's phone calls harmed Ms. Cooper by invading her privacy.

127.   It has been necessary for Ms. Cooper to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

128.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b.   Awarding actual damages;

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **17** of **20**

f.   Any other and further relief as this Court deems equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* *(as against Debt Owner)*

129.   Ms. Cooper re-alleges paragraphs 1-32 and incorporates the same herein by reference.

130.   At all times material hereto, Debt Owner was and is vicariously liable for the violations of Debt Collector.

131.   Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.   Debt Collector violated Fla. Stat. § 559.72 (7) by continuing to call Ms. Cooper even after Ms. Cooper repeatedly demanded that Debt Collector cease its calls, which can reasonably be expected to harass Ms. Cooper.

132.   As a result of the above violations of the FCCPA, Ms. Cooper has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

133.   Debt Collector's phone calls harmed Ms. Cooper by trespassing upon and interfering with Ms. Cooper's rights and interests in her Cellular Telephone line.

134.   Debt Collector's actions harmed Ms. Cooper by being a nuisance and causing her aggravation.

135.   Debt Collector's actions harmed Ms. Cooper by causing her embarrassment.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **18** of 20

136.    Debt Collector's actions harmed Ms. Cooper by causing her emotional distress.

137.    Debt Collector's actions harmed Ms. Cooper by causing her stress and anxiety.

138.    Debt Collector's actions harmed Ms. Cooper by causing her

139.    Debt Collector's actions harmed Ms. Cooper by causing a risk of personal injury to Ms. Cooper due to interruption and distraction.

140.    Debt Collector's phone calls harmed Ms. Cooper by invading her privacy.

141.    It has been necessary for Ms. Cooper to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

142.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

f.   Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **19** of **20**

## DEMAND FOR JURY TRIAL

Plaintiff, **KIKE COOPER**, demands a trial by jury on all issues so triable.


Respectfully submitted this **May 7, 2018**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Cooper v. Sterling Jewelers Inc. d/b/a Kay Jewelers and Genesis Financial Solutions d/b/a Genesis FS Card Services, Inc.*
Page **20** of 20